UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACIO GUADARRA FLORES,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS,<br><br>Respondent. | No. 1:26-cv-09168-DAD-CSK<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND FOR APPOINTMENT OF COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On November 6, 2026, , petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis*, (Doc. No. 2), A motion for a temporary restraining order ("TRO"), (Doc. No. 3), and a motion for appointment of counsel, (Doc. No. 4). On November 9, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On November 9, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) Therein, respondent does not dispute that petitioner was detained pursuant to 8 U.S.C. § 1226(a). (*Id.* at 1.) Respondent argues that this case is distinguishable because "because here an immigration judge has determined that Petitioner is a danger to the community." (*Id.* at 1.) Respondent further states that petitioner had a bond hearing on June 10, 2026, that he had until July 10, 2026 to appeal the order issued at that hearing, and that "[t]here is no indication" he did so. (*Id.*) Respondent does not object to the court ruling on the merits of the petition based on the present briefing, (*id.*), and the court will do so.

Based upon the parties' submissions, the court finds the following. Petitioner entered the United States in or around June 2006 and was not encountered by immigration officials. (Doc. No. 1 at 9.) Petitioner was arrested on April 12, 2026 by local law enforcement in Florida. (Doc. No. 8-4 at 9.) On or about April 14, 2026, ICE officers detained petitioner at Palm Beach County Jail. (Doc. No. 8-1 at 2). The same day, the Department of Homeland Security ("DHS") issued a warrant for petitioner's arrest. (Doc. No. 8-2 at 1.) Over two weeks later, on May 3, 2026, DHS issued petitioner a notice to appear. (Doc. No. 8-3 at 1.) On June 10, 2026, DHS issued petitioner another notice to appear. (Doc. No. 8-3 at 5.) The same day, respondent provided petitioner a bond hearing before an immigration judge ("IJ"), where petitioner was denied bond based upon a finding that he presents a danger to the community. (Doc. No. 8-5 at 1.) Respondent does not provide any notice of custody determination. (*See* Doc. Nos. 8, 8-1, 8-2, 8-3, 8-4, 8-5, 8-6.) Petitioner has remained in immigration custody since the day of his arrest.

As the court has previously explained, when the government detains a noncitizen who is subject to 8 U.S.C. § 1226(a) and fails to comply with the procedures set forth in that statutory provision, the immediate release of the noncitizen is warranted. *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *1–3 (E.D. Cal. Aug. 10, 2026) (finding the failure to arrest a noncitizen following or contemporaneously with the issuance of a warrant and failure to issue a notice to appear prior to or contemporaneously with the noncitizen's detention warranted immediate release.) Here, petitioner was arrested, a warrant was issued contemporaneously, then over two weeks later,

respondent issued petitioner the first notice to appear. Accordingly, pursuant to the reasoning in *Zurita Navarro*, the court concludes that petitioner's detention is unlawful because respondent failed to follow the procedures established by § 1226(a). The court will therefore order petitioner's immediate release from immigration custody.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Horacio Guadarra Flores, A-File No. 221-486-903, from respondent's custody;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting him habeas relief;
4. Petitioner's motion to appoint counsel (Doc. No. 4) is DENIED as having been rendered moot by this order granting him habeas relief;
5. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and
6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner to close this case.

IT IS SO ORDERED.

Dated: **November 12, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE